Merle W. LEONARD, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Defendants.

Michael TANZER and Deborah Tanzer, Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Defendants.

Robert ATKINSON, Plaintiff,

v.

GODNICK & SON, INC., et al., Defendants.

Harry MIRSKY, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Defendants.

Nos. 72 Civ. 5065, 73 Civ. 18, 73 Civ. 318 and 73 Civ. 862.

United States District Court, S. D. New York.

Sept. 30, 1974.

Bruce E. Trauner, Beldock, Levine & Hoffman, New York City, for Marsh, Block, Leibler & Co.

PIERCE, District Judge.

## MEMORANDUM OPINION

Irving Bizar, Devoy, Morris, Levin & Shein, New York City, for plaintiff Leonard.

Robert M. Kornreich, Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs Tanzer & Mirsky.

David J. Bershad, Milberg & Weiss, New York City, for plaintiff Atkinson.

Marvin Schwartz, William R. Norfolk, Sullivan & Cromwell, New York City, for defendants Reynolds Securities, Inc., Dean Witter & Co., Goldman Sachs & Co.

M. Philip Lorber, Henry G. Vogel, Lorber, Vogel & Berger, New York City, for defendants M. C. Adam & Co., Cohn Ivers & Co., Alvin V. Filer & Co., Filer Schmidt & Co., International Option, Krinski Cassio & Co., Ragnar Option Corp., Universal Options, Vogel-Lorber, Inc., Wilkins-Rose, Inc.

Thomas J. Mullaney, James B. May, Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., J. C. Bradford.

Russell E. Brooks, Milbank, Tweed, Hadley & McCloy, New York City, for Henry Blair & Co.

Philip H. Schaeffer, Paskus, Gordon & Hyman, New York City, for Godnick & Son, Inc.

These four actions involving a total of twenty-five defendants are predicated on alleged violations of section 5(a) and (c) of the Securities Act of 1933 (15 U. S.C. § 77e) in that the defendants are said to have offered to sell and did sell unregistered securities, to wit, call options.[1] The defendants' alleged liability is grounded on section 12(1) of the Act. (15 U.S.C. § 77l(1)). Most[2] of the defendants have moved for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P.

Section 12(1) provides, inter alia, as follows: "Any person who—(1) offers or sells a security in violation of section 77e of this title, . . . shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."

The language of the statute makes it clear that its remedy is available "only to an aggrieved purchaser." Adler v. Microwave Communications, Inc., 353 F.Supp. 624, 628 (D.Mass. 1953). Its broad purpose has been said to be "primarily to discourage the sale of securities without registration."

---

1. For purposes of these motions call options have been deemed to be "securities" within the meaning of the statute.

2. In *Leonard* all of the defendants have moved with the exception of Reynolds Securities, Inc.; J. C. Bradford & Co.; Joseph Ezra & Co., Inc.; Godnick & Son, Inc.; and Vogel-Lorber, Inc. In *Tanzer* only Joseph Ezra & Co., Inc.; Samuel Gomberg; Lerner & Co.; and Saul Lerner Co., have not moved. In *Atkinson* defendants M. C. Adams & Co., Inc.; Joseph Ezra & Co., Inc.; Godnick & Son, Inc.; Lerner & Co.; Lombard Street, Inc.; and Universal Options, Inc. have not moved. In *Mirsky* all of the defendants have moved except Cohn, Ivers & Co., Inc.; Joseph Ezra & Co., Inc.; Samuel Gomberg; and Lombard Street, Inc.

American Bank & Trust Co. v. Barad Shaff Securities Corp., 335 F.Supp. 1276, 1280 (S.D.N.Y.1972). Nevertheless, to achieve this goal it was thought sufficient to limit recovery to those who purchased from the seller. *Id.*

In these cases, it appears that none of the named plaintiffs has had any dealings whatsoever with respect to the call options with any of the moving defendants. In short, they have not purchased any securities from any of the movants. The conclusion is inescapable that, if these were individual lawsuits, the moving defendants would be entitled to summary judgment since the named plaintiffs clearly will be unable to prove one of the basic elements required for recovery. While recognizing this, the named plaintiffs argue that the motions should be denied because they are suing as class representatives pursuant to Rule 23 of the Fed.R.Civ.P. and that therefore some as-yet-unnamed member of the class may have purchased call options from the movants.

At the outset, the Court's immediate concern is with the threshold jurisdictional issue of standing and not with the prerequisites of Rule 23. However, for purposes of these motions, it must be assumed that the suits have been properly instituted as class actions. See Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir.), cert. denied, sub nom. Glen Alden Corp. v. Kahan, 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290 (1970).

█ It is elementary that a plaintiff may not sue a defendant who has caused him no legal injury. This principle springs from the constitutional imperative that the federal judicial power shall extend only to "cases" and "controversies". Art. III, § 2, cl. 1; C. Wright, Handbook of the Law of Federal Courts, § 13 (2d Ed. 1970). The Supreme Court has stated: "It is the fact, clearly established, of injury to the complainant—not to others—which justifies judicial intervention." McCabe v. Atchison, T. & S.

F. R. Co., 235 U.S. 151, 162, 35 S.Ct. 69, 71, 59 L.Ed. 169 (1914).

Here, admittedly, the named plaintiffs have sued defendants with whom they have had no dealings whatsoever and perforce who have caused them no legal injury. The plaintiffs contend, however, that Rule 23 provides them with the requisite legal standing they would otherwise not have. They argue that since they have in their own right properly sued non-moving defendants they may also as representatives of unnamed plaintiffs also sue moving defendants against whom these undisclosed plaintiffs may have claims. The question then is whether representative status under Rule 23 can cure defects in standing.

█ It is settled that a representative of a class must himself be a member of the class he seeks to represent. Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). In other words, the representative must show that his individual claim rises to the level of a "case" or "controversy." As the Supreme Court recently stated: "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974).

█ While it is true that these cases did not deal with the precise issue presented here, they are indicative of the limitations of Rule 23. See Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Rule 23, of course, may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072. Here, it is incontrovertible that the named plaintiffs have no independent substantive rights against the movants under section 12(1) of the 1933 Securities Act. To permit them to

enhance their position simply by asserting a class action representative status would be an unwarranted enlargement of their substantive rights. As another court has said: "[A] predicate to [a plaintiff's] right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class." Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 734 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971). In Weiner v. Bank of King of Prussia, 358 F.Supp. 684 (E.D.Penn.1973), the very same argument presented here was rejected, the Court saying, "The plaintiff's standing to bring an action against each defendant named in the Complaint must be established independently of Federal Rule of Civil Procedure 23. Only then is the plaintiff in a position to represent others having similar claims against those defendants." *Id.* at 695. This Court agrees with that analysis.

In the main, the cases cited by the plaintiffs in support of their position are inapposite since they involved conspiracy charges or allegations of joint and several liability. Such is not the case here. The one case cited by the plaintiffs which clearly supports their position is Haas v. Pittsburgh National Bank, 60 F.R.D. 604 (W.D.Pa.1973) which rejected the *Weiner* rationale. This Court has chosen to follow Weiner. See La Mar v. H. & B. Novelty & Loan Co., 489 F.2d 461, 470 (9th Cir. 1973).

The plaintiff Leonard has opposed the motions on the additional ground that they are premature since pretrial discovery is needed "to determine whether defendants 'aided or abetted' or were indirectly involved in the transactions sued upon in the complaint." This Court feels that such discovery is not only unnecessary but would be unduly burdensome to the movants.

The Leonard claim is premised on the purchase of one call option [3] and disclosure has already been made as to which defendants were involved in that particular transaction. Moreover, whether any of the movants was involved in some fashion in this single purchase would appear to be a matter peculiarly within the plaintiff's knowledge. In this Court's view, the plaintiff should not be permitted to subject the defendants to protracted discovery proceedings on the mere supposition, without more, that they may have had some connection with the plaintiff's purchase. Such "fishing-expeditions" are not to be condoned.

The motions for summary judgment are in all respects granted.

Submit order.

So ordered.

---

3. Any claim based on the seven other options which the plaintiff allegedly purchased is concededly barred by the one year statute of limitations in section 13 of the 1933 Act. (15 U.S.C. § 77m).