**Milton PARNESS, Plaintiff,**

v.

**Daniel Parke LIEBLICH, John R. McDonnell, Simon Gluckman, Norman Brassler, Murray L. Cole, Samuel B. Dobrow, Bernard Mills, Fair Lanes, Inc. and Treadway Companies Inc., Defendants.**

**No. 79 Civ. 6828(GLG).**

United States District Court,
S. D. New York.

May 12, 1980.

Stull, Stull & Brody, New York City, for plaintiff; Richard J. Stull, New York City, of counsel.

Battle, Fowler, Jaffin, Pierce & Kheel, New York City, for Lieblich, Gluckman, Brassler, Cole, Dobrow and Treadway Companies, Inc.; Gerald J. Fields, Raymond J. Soffientini, New York City, of counsel.

Guggenheimer & Untermyer, New York City, for defendant Fair Lanes, Inc.; David M. Brodsky, New York City, Marquerite A. Livingston, Brooklyn, N. Y., of counsel.

## OPINION

GOETTEL, District Judge:

In this putative class action which arises in the wake of the struggle between incumbent management of Treadway Companies, Inc. ("Treadway") and Care Corporation ("Care") for control of Treadway, the defendants have moved to dismiss.

The facts relevant to this action are contained in this Court's decision of April 16,

1980 in *Treadway Companies, Inc. v. Care Corp.*, 490 F.Supp. 668 (S.D.N.Y.1980). Specifically, this suit arises out of the various proposed sales of stock by Treadway to Fair Lanes, Inc. ("Fair Lanes"). Particularly focused upon in the amended complaint are the November, 1979 proposed sale which, following this Court's entry of a preliminary injunction on November 27, was never consummated, and the December, 1979 sale. The latter sale was consummated, but, on April 16, this Court entered a permanent injunction enjoining the voting of any of the shares sold. (As a result of the injunction, Fair Lanes now has the right, which it is assumed will be exercised, to rescind the transaction.)

The plaintiff, who is the owner of 1,500 shares of Treadway common stock, concededly purchased prior to the acts complained of, alleges that these transactions have served to artificially depress and deflate the market for and market price of Treadway stock, and have deprived all similarly situated shareholders of the opportunity to sell their shares at true value. He also now claims that should the latest transaction with Fair Lanes somehow, despite this Court's recent decision, remain in effect, the shareholders of Treadway would be forced to "[involuntarily] exchange . . their shares with those of an entity controlled by defendants." As a result of such conduct the plaintiff alleges that the defendants have violated section 17(a) of the Securities Act of 1933, and section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b–5 promulgated thereunder. Additionally, as against the director defendants of Treadway, the plaintiff has asserted pendent claims under New Jersey[1] and New York law alleging breach of fiduciary duty.

The defendants have moved to dismiss, asserting that the plaintiff has failed to state a claim under the anti-fraud provisions of the securities law, and that he has, in any event, failed to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Defend-

ant Fair Lanes, a Maryland corporation which does not do business in New York State, has also moved to dismiss as against it on the ground of lack of personal jurisdiction.

■ In order to have standing to maintain a claim for damages under section 10(b) and Rule 10b–5 a party must either be a purchaser or seller of the securities in question. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). In this regard it is conceded by the plaintiff that, during the time period complained of, he was neither a buyer nor seller of Treadway stock. He does claim that as a result of the defendants' conduct he was somehow "deprived" of the opportunity to sell his shares at true value. Such a claim, however, has been found to be insufficient to satisfy the standing requirement. *Blue Chip Stamps v. Manor Drug Stores, supra.*

Attempting to avoid this apparent obstacle, the plaintiff has now asserted that, under the rationale of *Vine v. Beneficial Finance Co.*, 374 F.2d 627 (2d Cir.), *cert. denied*, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460 (1967) he is a "forced seller," and that as a result satisfies the requirements necessary for standing. In *Vine v. Beneficial Finance Co., supra*, it was held that a nontendering shareholder in a short form merger situation would be considered to be a participant in a forced sale, and thus would be a seller within the terms of section 10(b) and Rule 10b–5. *See Greenfield v. Flying Diamond Oil Corp.*, [Current] Fed. Sec.L.Rep. (CCH) ¶ 97,298 (S.D.N.Y. Feb. 26, 1980); *Canadian Javelin Ltd. v. Brooks*, 462 F.Supp. 190 (S.D.N.Y.1978).

■ Examining the facts of the instant action, particularly in light of the Court's April 16 decision in *Treadway Companies, Inc. v. Care Corp., supra*, it is clear that the plaintiff is not a forced seller. In its April 16 decision the Court permanently enjoined the voting of the shares which had been sold to Fair Lanes, and thereby made it highly likely that Fair Lanes would tender

---

1. Treadway is incorporated under the laws of the State of New Jersey.

its shares, pursuant to the sale agreement,[2] back to Treadway. As the sale of these shares had been considered to be the necessary first step towards the effectuation of a merger, and as the effect of the Court's April 16 decision will be to place in control of Treadway a group hostile to Fair Lanes, it is apparent that not only will there be no forced sale arising out of this merger, but also that there will be no merger at all.

■ It is also clear that even if this Court's April 16 decision is reversed or modified on appeal, and thereafter the Fair Lanes-Treadway business combination once again moves towards fruition, the plaintiff would still not qualify as a forced seller. Unlike the situation in a short form merger, such as in *Vine v. Beneficial Finance Co., supra,* where minority shareholders are precluded from voting on the merger, the terms of the anticipated Fair Lanes-Treadway business combination would be subject to full review and approval by Treadway's board of directors and shareholders. In addition, and contrary to the assertion of the plaintiff, even if this combination were to be consummated, its terms provide for no exchange by Treadway shareholders of their shares, on either a voluntary or an involuntary basis, for the shares of any other corporation. Such shareholders would retain the same number of Treadway shares, albeit representing a diminished proportion of ownership in the corporation, after the business combination as they had before it. As has been noted, a reduction in proportional ownership interest in a corporation does not constitute a forced sale. *Canadian Javelin Ltd. v. Brooks,* 462 F.Supp. at 196.

■ Turning to the claims asserted under section 17(a) of the Securities Act of 1933, and without even reaching the question of whether a private right of action should be implied under that section, *see Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. at 734, n.6, 95 S.Ct. at 1924 n.6; *Darvin v. Bache Halsey Stuart Shields, Inc.,* 479

F.Supp. 460, 463 (S.D.N.Y.1979); *Person v. New York Post Corp.,* 427 F.Supp. 1297, 1304 (E.D.N.Y.), *aff'd,* 573 F.2d 1294 (2d Cir. 1977), the Court finds that the plaintiff has failed to state an actionable claim. Section 17(a) is intended to protect purchasers of securities from deceptive acts or omissions by persons "in the offer or sale of any securit[y]." *See, e. g., Darvin v. Bache Halsey Stuart Shields, Inc., supra; Person v. New York Post Corp., supra; Leonard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 64 F.R.D. 432 (S.D.N.Y.1974). As the plaintiff is not a purchaser of the securities, much less a defrauded purchaser, he may not maintain this cause of action under section 17(a).

■ Having found that the claims asserted under the federal securities law must be dismissed, the Court is left with only the pendent state claims asserted against the defendant directors of Treadway. In such a situation the Supreme Court has stated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Iroquois Industries, Inc. v. Syracuse China Corp.,* 417 F.2d 963, 970 (2d Cir. 1969), *cert. denied,* 399 U.S. 909, 90 S.Ct. 2199, 26 L.Ed.2d 561 (1970). Accordingly, the pendent state law claims for breach of fiduciary duty may not stand.

In view of the Court's findings as to the federal securities law claims, no need exists to reach the question of jurisdiction over Fair Lanes. As a result of the recent Supreme Court decision in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), however, and particularly in light of the apparent lack of contacts by Fair Lanes with the forum state, serious doubts exist as to whether there is personal jurisdiction over it. *See Leasco Data Processing Equipment Corp. v. Maxwell,* 468 F.2d 1326 (2d Cir. 1972).

---

2. Under the terms of the sale agreement, Fair Lanes was afforded the right, for a limited period of time, to rescind its purchase and recover its purchase price if it was in any way prevented from voting its shares.

The motion to dismiss as to all defendants is hereby granted, and the action is dismissed.[3] The clerk will enter judgment.

SO ORDERED:

---

**3.** While this motion was still *sub judice*, the plaintiff filed a new action against the identical defendants in which he alleged violations of section 14(a) of the Exchange Act.