Edward L. BROWN, Sr., Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Julius and Esther Collins, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Thomas G. and Shirley Dillard, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Elish Lake, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; William L. and Hilda McNeely, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Percy Vandeleeuw, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; James A. and Sheila White, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; George M. Jr. and Constance Wyatt, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Appellants,

v.

CAMERON–BROWN COMPANY; Century Mortgage Company, Inc.; Colonial Group, Inc.; Colonial Mortgage Corporation of D. C.; Colonial Mortgage Service Company; Countrywide Funding Corporation; Finney Mortgage Corporation; First Colonial Investors Corporation; The Lomas & Nettleton Company; Metropolitan Mortgage Fund, Inc.; First Mortgage Corporation; United Virginia Mortgage Corporation; VNB Mortgage Corporation; Virginia Investment and Mortgage Corporation; Weaver Brothers, Inc.; Western Pacific Financial Corporation of Maryland; Citizens Trust Bank; Dominion National Bank; Fidelity American Bank (now known as Central Fidelity Bank); First Virginia Bank of Tidewater; Peoples Bank of Chesapeake; Virginia National Bank; United Virginia Bank/Seaboard National; Atlantic Permanent Savings and Loan Association; Chesapeake Savings and Loan Association; First American Savings and Loan Association of Virginia; First Federal Savings and Loan Association (now known as First Savings & Loan Association of Suffolk); Life Federal Savings and Loan Association; Mutual Federal Savings and Loan Association; Peninsula Savings and Loan Association; Pennamco, Inc.; Berkley Citizens Mutual Savings and Loan Association, Inc.; Seaboard Savings and Loan; Virginia Beach Federal Savings and Loan Association; Allstate Enterprises Mortgage; Appellees.

Edward L. BROWN, Sr., Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Julius and Esther Collins, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Thomas G. and Shirley Dillard, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Elish Lake, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; William L. and Hilda McNeely, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Percy Vandeleeuw, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; James A. and Sheila White, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; George M. Jr. and Constance Wyatt, Individually and on Behalf of All Members of a Class of Borrowers Similarly Situated; Appellees,

v.

CAMERON–BROWN COMPANY; Century Mortgage Company, Inc.; Colonial Group, Inc.; Colonial Mortgage Corpo-

ration of D. C.; Colonial Mortgage Service Company; Finney Mortgage Corporation; The Lomas and Nettleton Company; Metropolitan Mortgage Fund, Inc.; First Mortgage Corporation; United Virginia Mortgage Corporation; Weaver Brothers, Inc.; Western Pacific Financial Corporation of Maryland; Citizens Trust Bank; Dominion National Bank; Fidelity American Bank (now known as Central Fidelity Bank); First Virginia Bank of Tidewater; Peoples Bank of Chesapeake; Virginia National Bank; United Virginia Bank/Seaboard National; Atlantic Permanent Savings and Loan Association; Chesapeake Savings and Loan Association; First American Savings and Loan Association of Virginia; First Federal Savings and Loan Association (now known as First Savings & Loan Association of Suffolk); Life Federal Savings and Loan Association; Peninsula Savings and Loan Association; Pennamco, Inc.; Berkley Citizens Mutual Savings and Loan Association, Inc.; Seaboard Savings and Loan Association; Virginia Beach Federal Savings and Loan Association; Allstate Enterprises Mortgage; Appellants,

and

Countrywide Funding Corporation; First Colonial Investors Corporation; VNB Mortgage Corporation; Virginia Investment and Mortgage Corporation; Mutual Federal Savings and Loan Association; Defendants.

Nos. 80–1559, 80–1560.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1981.

Decided June 18, 1981.

---

Arnold Levin, Philadelphia, Pa. (Michael Fishbein, Claudia Tesoro, Adler, Barish, Levin & Creskoff, Philadelphia, Pa., Calvin W. Breit, William D. Breit, Briet, Rutter & Montagna, Norfolk, Va., on brief), for appellants/cross-appellees.

James C. Roberts, Richmond, Va. (Mays, Valentine, Davenport & Moore, Richmond, Va., Alan H. Silberman, Robert T. Joseph,

Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., Nathan H. Smith, Sands, Anderson, Marks & Miller, Richmond, Va., Guilford D. Ware, Timothy A. Coyle, Crenshaw, Ware & Johnson, Edward Delk, Delk, James & Jackson, Alan J. Hofheimer, Thomas F. McPhaul, Hofheimer, Nusbaum & McPhaul, Norfolk, Va., Robert E. Jensen, George G. Olsen, Williams & Jensen, P. C., Washington, D. C., Jerry M. Miller, Jr., Raleigh, N. C., Byron P. Kloeppel, H. Thomas Fennell, Jr., Cooper, Davis, Kilgore, Parker, Leon & Fennell, Portsmouth, Va., Daniel J. Goldberg, Silver, Freedman, Housley & Taff, Washington, D. C., Toy D. Savage, Jr., Peter M. Huber, Willcox, Savage, Lawrence, Dickson & Spindle, P. C., Norfolk, Va., L. Cleaves Manning, Manning, Ferrell & Morris, Portsmouth, Va., John M. Williamson, Lynch & Nelson, Los Angeles, Cal., Roy E. Kinsey, Jr., Daytona Beach, Fla., Mark B. Sandground, Sandground, Good & Lewis, Philip L. Cohan, Peter W. Segal, Colton & Boykin, Washington, D. C., William T. Prince, Robert H. Powell, III, Williams, Worrell, Kelly & Greer, Norfolk, Va., John S. Battle, Jr., O. Randolph Rollins, Anne Marie Whittemore, McGuire, Woods & Battle, Richmond, Va., J. Randolph Smith, Jr., Martinsville, Va., Richard R. Nageotte, Nageotte, Borinsky & Zelnick, Woodbridge, Va., George W. Taylor, Jr., Gary J. Spahn, Mays, Valentine, Davenport & Moore, Richmond, Va., Daniel J. Goldberg, Silver, Freedman, Housley & Taff, Washington, D. C., Robert R. MacMillan, S. Miles Dumville, Breeden, Howard & MacMillan, Branden Vandeventer, John B. King, Jr., Vandeventer, Black, Meredith & Martin, Ronald H. Marks, White & Marks, Norfolk, Va., Robert Haas, Corporate Counsel, Metropolitan Mortg. Fund, Inc., Alexandria, Va., Conrad M. Shumadine, Ross C. Reeves, Kaufman & Oberndorfer, Norfolk, Va., Robert M. Saunders, Saunders, Carleton, Morrison, Stephenson & Spratley, Newport News, Va., H. Calvin Spain, Pickett, Spain & Lyle, Virginia Beach, Va., T. S. Ellis, III, Daniel A. Carrell, William F. Young, Hunton & Williams, Richmond, Va., Joseph J. Lawler, Kellam, Pickrell & Lawler, Norfolk, Va., Bernard I. Nordlinger, John J. Cooleen, King & Nordlinger, Washington, D. C., Michael A. Inman, Inman, Lee & Olivieri, P. C., Virginia Beach, Va., on brief), for appellees/cross appellants.

Before HAYNSWORTH, Chief Judge, and WINTER and RUSSELL, Circuit Judges.

WINTER, Circuit Judge:

Plaintiffs, a group of Virginia mortgagors, sued defendants, a group of Virginia lending institutions, alleging violations of the antitrust statutes with respect to the handling of escrow accounts. Specifically they complain that thirty-five of the thirty-eight defendants required borrowers to make, in addition to payments of the interest and principal on their mortgages, monthly escrow payments to pay property taxes, insurance premiums and other assessments owed to third parties; and that these defendants neither account to plaintiffs or other borrowers for any profit earned on the escrow deposits between the time such sums are paid by the borrowers and the time that they are paid out by the lenders for their intended purpose nor do defendants "capitalize" these payments, i. e., credit the escrow payments to the unpaid balance of the principal of the mortgage pending their use for their intended purpose, thereby reducing the total amount of interest payable on the mortgages. This pattern of conduct is alleged to have resulted from an illegal conspiracy.

After suit was instituted, the district court deferred discovery on the merits of the litigation for an indefinite period but permitted discovery to proceed with reference to plaintiffs' request for class certification. An initial motion to dismiss on behalf of all defendants was denied, but plaintiffs were directed to file particularized allegations of fact concerning the existence of a conspiracy with respect to thirty-five defendants ("non-dealing defendants," not coterminous with the group of thirty-five defendants who required escrows) which had not had any direct dealings with plaintiffs and which did not hold mortgages on

their property. Plaintiffs purportedly complied and then the non-dealing defendants renewed their motion to dismiss and all defendants joined in another motion to dismiss. The motion of the non-dealing defendants was denied, but plaintiffs were directed to particularize their allegations with respect to their standing to sue the non-dealing defendants. Plaintiffs complied and the non-dealing defendants filed a second motion to dismiss and this motion and the motion to dismiss of all defendants was granted. The district court ruled that plaintiffs had standing to sue the non-dealing defendants, that plaintiffs had not violated Rule 11, F.R.Civ.P., by filing sham pleadings, and that plaintiffs had not violated Rule 41(b) by failing to comply with orders of the district court to specify the facts forming the basis of their allegations of conspiracy. The district court nonetheless dismissed the plaintiffs' claims that defendants engaged in a conspiracy in restraint of interstate trade in violation of § 1 of the Sherman Act, 15 U.S.C. § 1, and § 4 of the Clayton Act, 15 U.S.C. § 15, ruling that the claims were spurious in view of its analysis of plaintiffs' allegations as particularized and that plaintiffs could not demonstrate any reasonably founded hope that the suit would benefit anyone. The court found the authority to dismiss the complaint and thereby to terminate the incurring of costs to all parties in Rule 83, F.R. Civ.P. Defendants and plaintiffs both appeal, each group questioning the legal correctness of each of the district court's rulings.

We conclude that the district court correctly ruled that plaintiffs had alleged enough to demonstrate their standing to sue the non-dealing defendants and that their complaint was not subject to dismissal under Rules 11 and 41(b). We disagree that the district court had authority under Rule 83 to dismiss what it deemed a meritless lawsuit. We therefore reverse the judgment of dismissal and remand the case to the district court for further proceedings consistent with this opinion.

## I.

We are in full accord with the district court that when plaintiffs alleged injury as a result of a conspiracy in which the non-dealing defendants participated, plaintiffs have alleged standing to sue the non-dealing defendants. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 45–46, 96 S.Ct. 1917, 1927–28, 48 L.Ed.2d 450 (1976); *Warth v. Seldin*, 422 U.S. 490, 500–02, 95 S.Ct. 2197, 2205–07, 45 L.Ed.2d 343 (1975); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 447–48 (3 Cir. 1977) *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). We also agree for the reasons assigned by the district court in its memorandum opinion that plaintiffs were in violation of neither Rule 11 nor of Rule 41(b) so as to warrant dismissal of the complaint. In these respects the judgment of the district court is affirmed.

## II.

A more troublesome question is the district court's ruling that it had authority under Rule 83 to dismiss what it considered a meritless lawsuit. The provisions of the rule are:

Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. *In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.* (emphasis added)

It is the italicized sentence on which the district court relied for the action that it took.

From the language of the rule, there are two limitations on the authority of a district court to take action thereunder. First, the matter must be one "not provided for by rule," and, second, the action taken must not be "inconsistent with these rules." When the Federal Rules of Civil Procedure are considered in their entirety, it is at once

apparent that dismissal for want of a meritorious claim is provided for by rules other than Rule 83 and that dismissal under Rule 83 for lack of a meritorious claim would be inconsistent with those other provisions. Specifically, Rule 12(b) authorizes dismissal, *inter alia,* "for failure to state a claim upon which relief can be granted." If the allegations of a complaint are sufficient to withstand a motion to dismiss under Rule 12(b) for failure to state a claim upon which relief can be granted but as an evidentiary matter the plaintiff has no case, that deficiency may serve as the basis for summary disposition short of trial under Rule 56. Rule 56(b) and (c) authorize the entry of summary judgment when a defendant, with or without the use of supporting affidavits, demonstrates that "there is no genuine issue as to any material fact" and that the defendant "is entitled to a judgment as a matter of law."

While defendants concede the availability of the remedies contained in Rules 12 and 56, they argue that the district court correctly treated Rule 83 as an additional source of authority for summary disposition of a frivolous lawsuit, and they argue further that resort to Rule 83 is proper to avoid the burden and expense of discovery which might be required to make Rule 56 effective. For the reasons which follow, we are not persuaded.

By its terms Rule 83 is the source of authority for judicial action only when other rules are inapplicable. Rule 56 provides a remedy for summary disposition of a frivolous claim, and Rule 56 is not made ineffective or unduly burdensome by the other rules providing for discovery. In a motion for summary judgment supported by affidavits under Rule 56(e), the opposing party "may not rest upon the mere allegations or denials of his pleading" but must instead "set forth specific facts showing that there is a genuine issue for trial." If the opposing party is unable to present facts essential to survive the motion, the court may allow discovery under Rule 56(f) to enable the opposing party to attempt the requisite showing. In *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), one of the defendants in an antitrust conspiracy case moved for summary judgment under Rule 56(e). The district court permitted limited discovery under Rule 56(f) to the plaintiff, and subsequently granted summary judgment against him. The Supreme Court affirmed, stating:

> While we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files an antitrust complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint.

391 U.S. at 290, 88 S.Ct. at 1593. The Court also ruled that the district court can closely circumscribe the discovery permitted under Rule 56(f). *Id.* at 298, 88 S.Ct. at 1597.

Rule 56 therefore provides fully adequate procedures for disposing of claims lacking merit without the undertaking of massive discovery by the parties. It is noteworthy in this case that the defendants failed to file the affidavits that would have enabled them to avail themselves of Rule 56(e). Discovery to make Rule 56 effective need not be unbounded; and if the depositions, interrogatories, requests for production of documents or requests for admissions become unduly burdensome or expensive or oppressive, annoying or embarrassing, the district court has ample authority under Rule 26(c) to enter protective orders, *inter alia*, to limit or terminate discovery in addition to its authority under Rule 56(f).

■ We are aware of no authority which would afford to Rule 83 the broad grant of authority claimed under it by the district court. In support of their argument, defendants rely on *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). The district court also relied on *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9 Cir. 1976), but we are not persuaded that either case is authority for the action taken here. Rather

we view them as authorities demonstrating the inappropriateness of resort to Rule 83 in the instant case. In both *Link* and *Van Bronkhorst* district court dismissals were sustained because they were clearly consistent with Rule 41(b). In *Link*, the plaintiff failed to prosecute the suit, and the district court dismissed the complaint *sua sponte*, an action not specifically authorized by Rule 41(b), which contemplates a motion by the opposing party, but certainly within its ambit. In *Van Bronkhorst*, the district court dismissed the Equal Employment Opportunity Commission from the case for its failure to cooperate in settlement negotiations leading to a consent decree. The court of appeals noted that Rule 83 provided ample authority for the district court's relief in that case to the extent that Rule 41(b) did not, but again, the action taken was clearly within the ambit of Rule 41.

In this case, the district court was not faced with an unusual or interstitial problem, as were the courts in *Link* and *Van Bronkhorst*. Instead, it recognized that Rule 12(b)(6) would not justify dismissal of this case, and, erroneously, it concluded that Rule 56 would similarly not justify dismissal except after costly discovery. As we have shown, discovery in general and discovery for purposes of Rule 56 need not be an instrument of oppression. Thus, there are simply no valid reasons that those generally applicable rules would not be a source of appropriate relief in this case. No occasion arose therefore for the district court to fashion a new rule. *Cf. Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980) (sanctions implemented through assessment of attorneys' fees).

The judgment of the district court is reversed and the case is remanded for further proceedings in accordance with the views expressed herein.

REVERSED AND REMANDED.