**Dante A. RAMOS, et al., Plaintiffs,**

v.

**PATRICIAN EQUITIES CORP., et al., Defendants.**

**No. 89 Civ. 5370 (TPG).**

United States District Court, S.D. New York.

June 17, 1991.

---

Herbert Beigel, Beigel & Sandler, Ltd., New York City, George W. Croner, Kohn, Savett, Klein & Graf, P.C., Philadelphia, Pa., for plaintiffs.

Richard S. Oelsner, Wilson, Elsner, Moskowitz, Edelman & Dicker, New York City, for Summit, Rovins & Feldesman.

Michael J. Devereaux, D'Amato & Lynch, New York City, for Carro, Spanbock, Caster & Cuiffo.

Mark Bunim, Ohrenstein & Brown, New York City, for Hecht and Company, P.C.

Norman I. Klein, Goldman, Carlet, Garrison & Klein, New York City, for Nationwide Appraisal Co., Inc.

D. Stuart Meikeljohn, Sullivan & Cromwell, New York City, for McGraw–Hill, Inc.

## OPINION

GRIESA, District Judge.

This is an action relating to 48 limited partnerships. Plaintiff Ramos invested in one of these—Woburn Mall Associates. Plaintiff Rabin invested in another—Southroads Mall Limited Partnership. The complaint purports to name a plaintiff class and a defendant class. The plaintiff class consists of persons who purchased limited partnership interests in any of the 48 partnerships. The defendant class consists of the 48 partnerships.

The complaint asserts that the plaintiff class was the victim of false and misleading information furnished in connection with the investments in the limited partnerships. There are claims for damages under the federal securities laws, RICO, common law fraud, negligence, and breach of fiduci-

ary duty. There is also a derivative claim brought on behalf of the class of partnerships seeking declaratory relief.

Aside from the defendant class of partnerships, named for purposes of the derivative claim, there are various defendants upon whom liability is sought to be imposed. The so-called "Patrician Defendants" and "Trust Defendants" consist of the promoters of the partnerships and allied parties. In addition, two accounting firms are named—Arthur Andersen & Co. and Hecht and Company. The complaint also names three companies which acted as real estate appraisers—Howard Jackson Associates, Inc., Nationwide Appraisal Company, Inc. and McGraw–Hill, Inc., acting through a division named McGraw–Hill Information Systems Company. Finally, two law firms are sued—Summit Rovins & Feldesman and Carro, Spanbock, Caster & Cuiffo.

The action has been settled in regard to the Patrician Defendants, the Trust Defendants and Arthur Andersen. Howard Jackson Associates is in bankruptcy. The remaining defendants are Hecht, Nationwide Appraisal, McGraw–Hill, Summit Rovins and Carro Spanbock.

### Amendments to Complaint

The initial complaint was filed August 9, 1989. An amended complaint was filed in November 1989.

A conference was held on January 10, 1990, after a settlement agreement had been made with the Patrician Defendants. At this conference the remaining defendants objected to the amended complaint and indicated their desire to move to dismiss. It was readily apparent that the complaint was deficient, and it was agreed that there would be a further amendment. The second amended complaint was filed on January 31, 1990. Motions to dismiss the second amended complaint were filed in April 1990. Counsel have appeared before the court twice to argue these motions.

The moving defendants have asserted a number of arguments, including lack of standing; failure to plead the elements required to be alleged for the various causes of action, necessitating dismissal under Rule 12(b)(6); failure to plead fraud with particularity as required by Rule 9(b); and statute of limitations.

The complaint in this case is unusually difficult to deal with. Many important allegations are lacking in specifics. It is difficult to discern whether this should be considered a violation of the pleading rules, or whether there is a reasonable explanation in the fact that this is a suit dealing with 48 partnerships, in which some degree of generalization is appropriate.

It now appears that the issue about the sufficiency of pleadings is largely rendered academic by the problem of standing. For reasons hereafter set forth, the court has determined that all claims against three of the moving defendants—McGraw–Hill, Nationwide and Carro Spanbock—must be dismissed because plaintiffs lack standing to sue them. As to Hecht and Summit Rovins, plaintiff Rabin lacks standing to assert any claims against these defendants, and plaintiff Ramos has standing to sue these two defendants in respect to only one of the 48 partnerships—Woburn Mall Associates.

The result of these rulings is the drastic alteration of the remaining case. There is no longer a suit relating to 48 partnerships. The present form of the complaint is wholly inappropriate to a suit regarding one partnership. Beyond this, it may be, in view of the settlements achieved thus far with certain defendants, that there will be no desire to pursue claims against Hecht and Summit Rovins with respect to this one partnership.

The court will confer with the appropriate attorneys and discuss the future course of the case.

### DISCUSSION

Defendants Hecht, Nationwide, McGraw–Hill and Carro Spanbock include in their motions the argument that plaintiffs Ramos and Rabin lack standing to sue them. As noted earlier, Ramos invested only in Woburn Mall Associates, and Rabin invested only in Southroads Mall Limited Partnership. Nationwide, McGraw–Hill

and Carro Spanbock did no work in connection with either of these partnerships. Hecht acted as the accountants for Woburn Mall but played no role in Southroads.

■ Numerous cases hold that the question of standing must be considered independently from the question of whether there is a proper class action under Rule 23. A plaintiff, including one who is seeking to act as class representative, must have individual standing to assert the claims in the complaint against each defendant being sued by him. *Angel Music, Inc. v. ABC Sports, Inc.*, 112 F.R.D. 70, 73 (S.D.N.Y.1986); *Ackerman v. Oryx Communications, Inc.*, 609 F.Supp. 363, 377 (S.D.N.Y.1984); *Vulcan Society v. Fire Department of the City of White Plains*, 82 F.R.D. 379, 398–99 (S.D.N.Y.1979); *Leonard v. Merrill Lynch, Pierce, Fenner & Smith*, 64 F.R.D. 432, 434 (S.D.N.Y. 1974); *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684, 694 (E.D.Pa.1973).

■ Neither Ramos nor Rabin has standing to sue Nationwide, McGraw–Hill or Carro Spanbock. There is no allegation that these defendants prepared or contributed to any of the allegedly misleading materials used in the partnerships in which plaintiffs invested, and therefore no sufficient allegation that these defendants injured plaintiffs.

Since Ramos and Rabin have no standing to sue Nationwide, McGraw–Hill and Carro Spanbock, they cannot act as class representatives in connection with claims against these three defendants.

■ As to Hecht, Rabin has no standing to sue this defendant, because Hecht performed no work for Southroads, the one partnership in which Rabin invested. Rabin cannot act as class representative on any claims against Hecht. The other plaintiff, Ramos, invested in Woburn Mall, as to which Hecht performed the accounting. Therefore, Ramos has standing to sue Hecht in connection with this partnership. However, Hecht is alleged in the complaint to have acted as the accountant for 19 partnerships other than Woburn Mall. Ramos has no standing to sue Hecht on these 19 partnerships. Ramos can act as class representative only for Woburn.

■ Plaintiffs seek to avoid the effect of the standing requirement by arguing that all the defendants were in a conspiracy. The idea apparently is that the conspiracy—and hence all the conspirators—affected all the partnerships, and therefore an investor in a single partnership can sue all the conspirators. *See DeAllaume v. Perales*, 110 F.R.D. 299, 303 (S.D.N.Y. 1986).

In the complaint, there is a brief and very general allegation that all the defendants conspired among themselves to commit fraud. This is contained in paragraph 122, which is part of the RICO claim. However, this does not constitute a sufficient allegation. A proper allegation of conspiracy in a civil complaint must

> set forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff.

*Martin Hodas, East Coast Cinematics v. Lindsay*, 431 F.Supp. 637, 643–44 (S.D.N.Y. 1977) (quoting *Hoffman v. Halden*, 268 F.2d 280, 295 (9th Cir.1959)).

■ The allegations in the complaint do not even approach what is required. Nothing is alleged (and it is quite certain that this is not a mere drafting error) to indicate that there was some overall conspiracy in which accountants, appraisers and attorneys joined in some grand scheme with the promoters to commit fraud in connection with all the partnerships, including partnerships for which they did no work. The conspiracy theory does not create standing.

Summit Rovins has not made any motion with respect to standing. However, since standing affects jurisdiction, the court has a duty to scrutinize the issue *sua sponte*. According to the complaint, Summit Rovins acted as attorneys for 35 of the partnerships. However, as already described, Ramos and Rabin each invested in only one

partnership—Woburn in the case of Ramos and Southroads in the case of Rabin. Woburn is one of the 35 partnerships for which Summit Rovins worked; Southroads is not. Under the principles set forth above, Rabin has no standing to sue Summit Rovins on the claims asserted in this complaint. Ramos has standing to sue with respect to Woburn, but not with respect to any other of the partnerships. *See, Kauffman v. Dreyfus Fund, Inc.,* 434 F.2d 727, 734–37 (3d Cir.1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1190, 28 L.Ed.2d 323 (1971).

### CONCLUSION

The result of these rulings is that the complaint is dismissed in its entirety for lack of standing as to defendants Nationwide, McGraw–Hill and Carro Spanbock. As to defendants Hecht and Summit Rovins, the complaint is dismissed except with respect to claims against them regarding Woburn asserted by Ramos, or by an appropriate class represented by Ramos.

The court will conduct further proceedings in the case in accordance with what is set forth earlier in this opinion.

SO ORDERED.