Timothy G. KNAPP and Angela D. Knapp, individually and on behalf of all others similarly situated, Plaintiffs,

v.

AMERICREDIT FINANCIAL SERVICES, INC., et al., Defendants.

No. CIV. A. 2:01–0788.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 3, 2001.

Daniel F. Hedges, Esquire, Charleston, WV, for Plaintiffs.

R. Kemp Morton, Esquire, James C. Stebbins, Esquire, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, WV, for Defendants.

### ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S RULING

HADEN, Chief Judge.

Pending is the objection of Defendant Americredit Financial Services, Inc. (Americredit) to Magistrate Judge Mary Stanley Feinberg's November 1, 2001 Order granting Plaintiffs' motion to take the limited deposition of Bob Bumpus of Americredit, pursuant to *Rule* 26(d). Fed.R.Civ.P. 26(d).[1] Plaintiffs requested the deposition for the purpose of learning the identities of John Doe Corporations listed as Defendants in the Amended Complaint.

*Rule* 72(a) provides in relevant part, "Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order .... The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law.*" Fed.R.Civ.P. 72(a)(emphasis added).

Defendants' legal bases for objection are 1) a pending motion by one Defendant dealership to dismiss for failure to state a claim upon which relief can be granted pursuant to *Rule* 12(b)(6), and 2) lack of standing by the class representatives to sue dealerships with which Plaintiffs had no dealings. (Obj. to Mag. Judge's Order at ¶¶ 5, 8 (citing *Ramos v. Patrician Equities Corp.*, 765 F.Supp. 1196, 1199 (S.D.N.Y.1991); *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684, 694 (E.D.Pa.1973)).)

The standing question has primacy because standing is a jurisdictional requirement. *See Central Wesleyan College v. W.R. Grace & Co.*, 6 F.3d 177, 188 (4th Cir.1993) ("[S]tanding is a jurisdictional issue, and courts should attempt to resolve such issues as soon as possible.") Moreover, it is "essen-

---

1. Americredit objects to granting the motion under *Rule* 30(a)(2)(C); however, the Magistrate's order explicitly grants the motion pursuant to *Rule* 26(d). Fed.R.Civ.P. 30(a)(2)(C); 26(d).

tial that named class representatives demonstrate standing through a 'requisite case or controversy between themselves personally and [defendants],' not merely allege that 'injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.' " *Id.* (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1001 n. 13, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

■ Our Court of Appeals further recognized, "allegations of conspiracy among parties with whom a plaintiff did not directly deal may confer standing upon the plaintiff to sue the nondealing parties." *Id.* (citing *Brown v. Cameron–Brown Co.,* 652 F.2d 375, 377–78 (4th Cir.1981)). In the instant action, Plaintiffs allege a joint venture/conspiracy between Defendants Americredit (and Crown–Pontiac–Buick–GMC, Inc. with whom the Knapps dealt) as well as the other Defendant dealers. Questions of the " 'indirectness of injury' " remain to be addressed, and may require Plaintiffs supplying " 'further particularized allegations of fact deemed supportive of plaintiff[s'] standing.' " *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

Resolving these class discovery-related standing issues, the Fourth Circuit found, "It was not an abuse of discretion to delay ruling on the standing issue until discovery of the relevant underlying facts was complete." *Id.* at 187 (citing *In re School Asbestos Litig.,* 921 F.2d 1310, 1316 (3d Cir.1990)). The court continued:

> Indeed, to rule otherwise would run the risk of rewarding a party's noncooperation or compelling the district court to rule on a sensitive matter of class action standing before the full facts were even before it. We cannot require the district court to rule on the question of the suitability of named representatives at the same time defendants are withholding information relevant to that determination.

*Id.* Similar to the situation in *Central Wesleyan,* "the record is not complete concerning the existence of contours of [the alleged] conspiracy." *Id.* at 188–89. Thus, there is no abuse of discretion for a district court to "withhold a ruling on questions of standing

until it [has] a complete record before it." *Id.* at 189.

■ The Magistrate Judge's Order finds that a deposition, limited to obtaining the identities of car dealerships in West Virginia with whom Americredit has done a substantial volume of business during a limited time period, "will further the goal of assuring that the necessary parties are joined and participating in this action at the earliest possible date." *Knapp v. Americredit,* No. 2:01–0788 (S.D.W.Va. Nov.1, 2001). Further, it will enable this Court to make the standing determination on a more complete record. The Magistrate Judge's Order was neither clearly erroneous nor contrary to law.·

For these reasons, Defendant's objection is **OVERRULED** and the Magistrate Judge's Order is **AFFIRMED**. The Clerk is directed to publish this Order on the Court's website at *http://www.wvsd.uscourts.gov* and send a copy of this Order to counsel of record by facsimile transmission and first-class mail and send a copy to Magistrate Judge Stanley.

### ORDER

FEINBERG, United States Magistrate Judge.

Pending before the court is Plaintiffs' Motion for Leave to Take Limited Deposition, filed September 11, 2001. (Document # 3.) In their Motion, Plaintiffs seek leave to take a limited deposition of Bob Bumpus of Defendant Americredit Financial Services,· Inc. (Americredit) for the purposes of learning the identity of John Doe corporations named in the Complaint and, more recently, the Amended Complaint. Americredit responded on October 30, 2001, opposing Plaintiffs' Motion. (Document # 23.) The court heard oral argument on October 31, 2001.

The court finds that it is in the interests of justice, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, to allow Plaintiffs to take the limited deposition of Mr. Bumpus. The potential defendants not yet named should have the opportunity to participate, if at all possible, in the Rule 26(f) meeting and all subsequent proceedings in this matter. A

limited deposition of this nature will further the goal of assuring that the necessary parties are joined and participating in this action at the earliest possible date. However, the court finds, and Plaintiffs have agreed, that the deposition of Mr. Bumpus will be limited to obtaining the identities of car dealerships in West Virginia with whom Americredit has done a substantial volume of business from August 27, 1997, up to the time of Mr. Bumpus's deposition.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to Take Limited Deposition is **GRANTED**, with the above limitations imposed on the taking of Mr. Bumpus's deposition. Plaintiffs' Motion for Leave to Take Limited Deposition is otherwise **DENIED**.

The Clerk is requested to send a copy of this order to all counsel of record and post this published opinion at *http://www.wvsd.uscourts.gov.*

Enter: Nov. 1, 2001.